156.    Plaintiff Amtrak repeats and realleges the allegations set forth in paragraphs "1" through "155" as if more fully set forth at length herein.

157.    On or about July 10, 2004 and at all times relevant, defendant Terex Corporation was a foreign corporation transacting business within the State of New York.

158.    On or about July 10, 2004 and at all times relevant, defendant Terex Corporation was a foreign corporation which contracted to supply goods or services in the State of New York.

159.    On or about July 10, 2004 and at all times relevant, defendant Terex Corporation was a corporation which committed a tortious act within the State of New York.

160.    On or about July 10, 2004 and at all times relevant, defendant Terex Corporation was a corporation which committed a tortious act outside of the State of New York causing an alleged injury to person or property within the State of New York.

161.    On or about July 10, 2004 and at all times relevant, defendant Terex Corporation was a corporation which regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the State of New York.

162.    On or about July 10, 2004 and at all times relevant, defendant Terex Corporation was a corporation which expected or should have reasonably expected its acts to have consequences in the State of New York.

163.    On or about July 10, 2004 and at all times relevant, defendant Terex Corporation was a corporation which derived substantial revenue from interstate or international commerce.

164.    That prior to July 10, 2004, defendant Terex Corporation designed, manufactured, distributed and/or sold Terex cranes, which are the subject of this action.

165.    That prior to July 10, 2004, defendant Terex Corporation entered into an agreement with defendant Mitchell, whereby and where under  defendant Terex Corporation was to supply defendant Mitchell with Terex cranes, including the aforementioned products, to be resold by defendant Mitchell to its customers, including Amtrak.

166.    That prior to July 10, 2004, defendant Terex Corporation entered into an agreement with defendant Johnson, whereby and where under defendant Terex Corporation was to supply defendant Johnson and/or defendant Mitchell with Terex cranes, including the aforementioned products, to be resold to their customers, including Amtrak.

167.    That prior to July 10, 2004, defendant Terex Corporation entered into an agreement with defendant TRI, whereby and where under defendant Terex Corporation was to supply defendant TRI and/or defendant Mitchell and/or defendant Johnson with Terex cranes, including the aforementioned products, to be resold to their customers, including plaintiff Amtrak.

168.    That plaintiff Amtrak has performed all terms and conditions of any agreements on its part required to be performed.

169.    That prior to and at all times hereinafter mentioned, the said agreements were in full force and effect.  The plaintiff Amtrak begs leave to refer and incorporate herein by this reference the terms and conditions of the applicable agreements with the same force and effects as if fully set forth herein.

170.    That as a result of the July 10, 2004 accident, plaintiff Amtrak suffered property damage and/or loss, including but not limited to permanent loss of use of the Terex crane involved in the July 10, 2004 accident.

171.    That as a result of the July 10, 2004 accident, plaintiff Amtrak suffered property damage and/or loss, including but not limited to permanent loss of use of a second similar Terex crane.

172.    That as a result of defendant Terex Corporation's breach of contract, defendant Terex Corporation will be liable to the plaintiff for property damage and/or loss arising out of the July 10, 2004 accident.

173.    That plaintiff has sustained damages, for loss of use of these two cranes, estimated in the sum of over EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS.

### AS AND FOR A EIGHTEENTH CAUSE OF ACTION

174.    Plaintiff Amtrak repeats and realleges the allegations set forth in paragraphs "1" through "173" as if more fully set forth at length herein.

175.    That plaintiff Amtrak's property damage and/or loss were caused by the active, affirmative and primary negligence of the defendant Terex corporation in the design, manufacture, distribution and/or sale of the aforementioned Terex cranes equipped with high rail gear without any active participation therein by plaintiff Amtrak contributing thereto.

176.    That by reason of the foregoing, defendant Terex Corporation will be liable to the plaintiff Amtrak for property damage and/or loss arising out of defendant Terex Corporation's failure to provide Amtrak with safe equipment.

177.    That plaintiff has sustained damages, for loss of use of these two cranes, estimated in the sum of over EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS.

### AS AND FOR A NINETEENTH CAUSE OF ACTION

178.    Plaintiff Amtrak repeats and realleges the allegations set forth in paragraphs "1" through "177" as if more fully set forth at length herein.

179.    Defendant Terex Corporation knew that defendant Mitchell intended to place high rail gear on the aforementioned Terex cranes, and that they were to be resold and/or used by the general public and/or Amtrak and/or used on interstate rails and the defendant Terex Corporation knew the use for which the aforementioned Terex cranes equipped with high rail gear were intended.

180.    Defendant Terex Corporation knew that defendant Johnson intended to place high rail gear on the aforementioned Terex cranes, and that they were to be resold and/or used by the general public and/or Amtrak and/or used on interstate rails and the defendant Terex Corporation knew the use for which the aforementioned Terex cranes equipped with high rail gear were intended.

181.    Defendant Terex Corporation knew that defendant TRI intended to place high rail gear on the aforementioned Terex cranes, and that they were to be resold and/or used by the general public and/or Amtrak and/or used on interstate rails and the defendant Terex Corporation knew the use for which the aforementioned Terex cranes equipped with high rail gear were intended.

182.    That in the sale of the aforementioned Terex cranes to plaintiff Amtrak and/or for other sale to plaintiff Amtrak, the defendant Terex Corporation represented and warranted that the aforementioned Terex cranes were of merchantable quality and were suitable and fit for its particular purpose.

183.    That the aforementioned Terex cranes were in such defective condition when sold, distributed and/or delivered by defendant Terex Corporation to defendant Mitchell.

184.    That the aforementioned Terex cranes were in such defective condition when sold, distributed and/or delivered by defendant Terex Corporation to defendant Johnson.

185.    That the aforementioned Terex cranes were in such defective condition when sold, distributed and/or delivered by defendant Terex Corporation to defendant TRI.

186.    That the aforementioned Terex cranes were in such defective condition when sold, distributed and/or delivered by defendant Terex Corporation to plaintiff defendant Amtrak, which had no knowledge of such defect.

187.    That defendant Terex Corporation breached its warranties of merchantability and fitness for the aforementioned Terex cranes equipped with high rail gear for the use intended.

188.    That plaintiff has sustained damages, for loss of use of these two cranes, estimated in the sum of over EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS.

## AS AND FOR A TWENTIETH CAUSE OF ACTION

189.    Plaintiff Amtrak repeats and realleges the allegations set forth in paragraphs "1" through "188" as if more fully set forth at length herein.

190.    That prior to July 10, 2004, defendant Terex Corporation had reason to know that there were dangers associated with the use of the aforementioned Terex cranes.

191.    That prior to July 10, 2004, defendant Terex Corporation had no reason to believe that purchasers of the Terex cranes, including plaintiff Amtrak, would be aware of the dangerous conditions.

440311.1 DocsNY

26

192.    That prior to July 10, 2004, defendant Terex Corporation had a duty to warn the purchasers of the Terex cranes, including plaintiff Amtrak, dangers associated with the use of the Terex cranes, including the subject Terex cranes.

193.    That prior to July 10, 2004, defendant Terex Corporation did not warn the purchasers of the Terex cranes, including plaintiff Amtrak, of a defect with the Terex cranes, including the subject Terex cranes.

194.    That prior to July 10, 2004, defendant Terex Corporation failed to exercise reasonable care to warn users of the conditions or facts that made the Terex cranes, including the subject Terex cranes, likely to be dangerous.

195.    That to the extent that defendant Terex Corporation issued a warning with respect to the Terex cranes, including the subject Terex cranes, the warning was inadequate.

196.    That defendant Terex Corporation's failure to warn was the proximate cause of plaintiff's property damage and/or loss.

197.    That plaintiff has sustained damages, for loss of use of these two cranes, estimated in the sum of over EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION

198.    Plaintiff Amtrak repeats and realleges the allegations set forth in paragraphs "1" through "197" as if more fully set forth at length herein.

199.    On or about July 10, 2004 and at all times relevant, defendant Koehring was a foreign corporation transacting business within the State of New York.

200.    On or about July 10, 2004 and at all times relevant, defendant Koehring was a subsidiary of defendant Terex Corporation.

201.    On or about July 10, 2004 and at all times relevant, defendant Koehring was a foreign corporation which contracted to supply goods or services in the State of New York.

202.    On or about July 10, 2004 and at all times relevant, defendant Koehring was a corporation which committed a tortious act within the State of New York.

203.    On or about July 10, 2004 and at all times relevant, defendant Koehring was a corporation which committed a tortious act outside of the State of New York causing an alleged injury to person or property within the State of New York.

204.    On or about July 10, 2004 and at all times relevant, defendant Koehring was a corporation which regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the State of New York.

205.    On or about July 10, 2004 and at all times relevant, defendant Koehring was a corporation which expected or should have reasonably expected its acts to have consequences in the State of New York.

206.    On or about July 10, 2004 and at all times relevant, defendant Koehring was a corporation which derived substantial revenue from interstate or international commerce.

207.    That prior to July 10, 2004, defendant Koehring designed, manufactured, distributed and/or sold Terex cranes, which are the subject of this action.

208.    That prior to July 10, 2004, defendant Koehring entered into an agreement with defendant Mitchell, whereby and where under defendant Koehring was to supply defendant Mitchell and/or defendant Johnson and/or defendant TRI with Terex cranes, including the aforementioned products, to be resold to their customers, including Amtrak.

209.    That prior to July 10, 2004, defendant Koehring entered into an agreement with defendant Johnson, whereby and where under defendant Koehring was to supply defendant Johnson and/or defendant Mitchell and/or defendant TRI with Terex cranes, including the aforementioned products, to be resold to their customers, including Amtrak.

210.    That prior to July 10, 2004, defendant Koehring entered into an agreement with defendant TRI, whereby and where under defendant Koehring was to supply defendant TRI and/or defendant Mitchell and/or defendant Johnson with Terex cranes, including the aforementioned products, to be resold to their customers, including Amtrak.

211.    That plaintiff Amtrak has performed all terms and conditions of any agreements on its part required to be performed.

212.    That prior to and at all times hereinafter mentioned, the said agreements were in full force and effect. The plaintiff Amtrak begs leave to refer and incorporate herein by this reference the terms and conditions of the applicable agreements with the same force and effects as if fully set forth herein.

213.    That as a result of the July 10, 2004 accident, plaintiff Amtrak suffered property damage and/or loss, including but not limited to permanent loss of use of the Terex crane involved in the July 10, 2004 accident.

214.    That as a result of the July 10, 2004 accident, plaintiff Amtrak suffered property damage and/or loss, including but not limited to permanent loss of use of a second similar Terex crane.

215.     That as a result of defendant Koehring's breach of contract, defendant Koehring will be liable to the plaintiff Amtrak for property damage and/or loss arising out of the July 10, 2004 accident.

216.     That plaintiff has sustained damages, for loss of use of these two cranes, estimated in the sum of over EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION

217.     Plaintiff Amtrak repeats and realleges the allegations set forth in paragraphs "1" through "216" as if more fully set forth at length herein.

218.     That plaintiff Amtrak's property damage and/or loss were caused by the active, affirmative and primary negligence of the defendant Koehring in the design, manufacture, distribution and/or sale of the aforementioned Terex cranes without any active participation therein by plaintiff Amtrak contributing thereto.

219.     That by reason of the foregoing, defendant Koehring will be liable to the plaintiff Amtrak for property damage and/or loss arising out of defendant Koehring's failure to provide Amtrak with safe equipment.

220.     That plaintiff has sustained damages, for loss of use of these two cranes, estimated in the sum of over EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS.

## AS AND FOR A TWENTY-THIRD CAUSE OF ACTION

221.     Plaintiff Amtrak repeats and realleges the allegations set forth in paragraphs "1" through "220" as if more fully set forth at length herein.

222.    Defendant Koehring knew that the aforementioned Terex cranes were to be resold and/or used by the general public and/or Amtrak and/or used on interstate rails and the defendant Koehring knew the use for which the aforementioned Terex cranes were intended.

223.    Defendant Koehring knew that defendant Mitchell intended to place high rail gear on the aforementioned Terex cranes, and that they were to be resold and/or used by the general public and/or Amtrak and/or used on interstate rails and the defendant Koehring knew the use for which the aforementioned Terex cranes equipped with high rail gear were intended.

224.    Defendant Koehring knew that defendant Johnson intended to place high rail gear on the aforementioned Terex cranes, and that they were to be resold and/or used by the general public and/or Amtrak and/or used on interstate rails and the defendant Koehring knew the use for which the aforementioned Terex cranes equipped with high rail gear were intended.

225.    Defendant Koehring knew that TRI intended to place high rail gear on the aforementioned Terex cranes, and that they were to be resold and/or used by the general public and/or Amtrak and/or used on interstate rails and the defendant Koehring knew the use for which the aforementioned Terex cranes equipped with high rail gear were intended.

226.    That in the sale of aforementioned Terex cranes to plaintiff Amtrak and/or for other sale to plaintiff Amtrak, the defendant Koehring represented and warranted that the aforementioned Terex cranes were of merchantable quality and were suitable and fit for its particular purpose.

227.    That the aforementioned Terex cranes were in such defective condition when sold, distributed and/or delivered by defendant Koehring to defendant Mitchell.

228.    That the aforementioned Terex cranes were in such defective condition when sold, distributed and/or delivered by defendant Koehring to defendant Johnson.

229.    That the aforementioned Terex cranes were in such defective condition when sold, distributed and/or delivered by defendant Koehring to defendant TRI.

230.    That the aforementioned Terex cranes were in such defective condition when sold, distributed and/or delivered by defendant Koehring to plaintiff Amtrak, which had no knowledge of such defect.

231.    That defendant Terex Corporation breached its warranties of merchantability and fitness for the aforementioned Terex cranes equipped with high rail gear for the use intended.

232.    That plaintiff has sustained damages, for loss of use of these two cranes, estimated in the sum of over EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS.

## AS AND FOR A TWENTY-FOURTH CAUSE OF ACTION

233.    Plaintiff Amtrak repeats and realleges the allegations set forth in paragraphs "1" through "232" as if more fully set forth at length herein.

234.    That prior to July 10, 2004, defendant Koehring had reason to know that there were dangers associated with the use of the aforementioned Terex cranes.

235.    That prior to July 10, 2004, defendant Koehring had no reason to believe that purchasers of the Terex cranes, including plaintiff Amtrak, would be aware of the dangerous conditions.

236.    That prior to July 10, 2004, defendant Koehring had a duty to warn the purchasers of the Terex cranes, including plaintiff Amtrak, dangers associated with the use of the Terex cranes, including the subject Terex cranes.

237.    That prior to July 10, 2004, defendant Koehring did not warn the purchasers of the Terex cranes, including plaintiff Amtrak, of a defect with the Terex cranes, including the subject Terex cranes.

238.    That prior to July 10, 2004, defendant Koehring failed to exercise reasonable care to warn users of the conditions or facts that made the Terex cranes, including the subject Terex cranes, likely to be dangerous.

239.    That to the extent that defendant Koehring issued a warning with respect to the Terex cranes, including the subject Terex cranes, the warning was inadequate.

240.    That defendant Koehring's failure to warn was the proximate cause of plaintiff's property damage and/or loss.

241.    That plaintiff has sustained damages, for loss of use of these two cranes, estimated in the sum of over EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS.

## AS AND FOR A TWENTY-FIFTH CAUSE OF ACTION

242.    Plaintiff Amtrak repeats and realleges the allegations set forth in paragraphs "1" through "241" as if more fully set forth at length herein.

243.    On or about July 10, 2004 and at all times relevant, defendant Terex Cranes, Inc. was a foreign corporation transacting business within the State of New York.

244.    On or about July 10, 2004 and at all times relevant, defendant Terex Cranes, Inc. was a subsidiary of defendant Terex Corporation.

245.    On or about July 10, 2004 and at all times relevant, defendant Terex Cranes, Inc. was a subsidiary of defendant Koehring.

246.    On or about July 10, 2004 and at all times relevant, defendant Terex Cranes, Inc. was a subsidiary of defendant Terex Corporation.

247.    On or about July 10, 2004 and at all times relevant, defendant Terex Cranes, Inc. was a foreign corporation which contracted to supply goods or services in the State of New York.

248.    On or about July 10, 2004 and at all times relevant, defendant Terex Cranes, Inc. was a corporation which committed a tortious act within the State of New York.

249.    On or about July 10, 2004 and at all times relevant, defendant Terex Cranes, Inc. was a corporation which committed a tortious act outside of the State of New York causing an alleged injury to person or property within the State of New York.

250.    On or about July 10, 2004 and at all times relevant, defendant Terex Cranes, Inc. was a corporation which regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the State of New York.

251.    On or about July 10, 2004 and at all times relevant, defendant Terex Cranes, Inc. was a corporation which expected or should have reasonably expected its acts to have consequences in the State of New York.

252.    On or about July 10, 2004 and at all times relevant, defendant Terex Cranes, Inc. was a corporation which derived substantial revenue from interstate or international commerce.

253.    That prior to July 10, 2004, defendant Terex Cranes, Inc. designed, manufactured, distributed and/or sold Terex cranes, which are the subject of this action.

254.    That prior to July 10, 2004, defendant Terex Cranes, Inc. entered into

an agreement with defendant Mitchell, whereby and where under defendant Terex Cranes, Inc. was to supply defendant Mitchell and/or defendant TRI and/or defendant Johnson with Terex cranes, including the aforementioned products, to be resold by to their customers, including Amtrak.

255.    That prior to July 10, 2004, defendant Terex Cranes, Inc. entered into an agreement with defendant Johnson, whereby and where under defendant Terex Cranes, Inc. was to supply defendant Johnson and/or defendant Mitchell and/or defendant TRI with Terex cranes, including the aforementioned products, to be resold to their customers, including Amtrak.

256.    That prior to July 10, 2004, defendant Terex Cranes, Inc. entered into an agreement with defendant TRI, whereby and where under  defendant Terex Cranes, Inc. was to supply defendant TRI and/or defendant Mitchell and/or defendant Johnson with Terex cranes, including the aforementioned products, to be resold to their customers, including Amtrak.

257.    That plaintiff Amtrak has performed all terms and conditions of any agreements on its part required to be performed.

258.    That prior to and at all times hereinafter mentioned, the said agreements were in full force and effect.  The plaintiff begs leave to refer and incorporate herein by this reference the terms and conditions of the applicable agreements with the same force and effects as if fully set forth herein.

259.    That as a result of the July 10, 2004 accident, plaintiff Amtrak suffered property damage and/or loss, including but not limited to permanent loss of use of the Terex crane involved in the July 10, 2004 accident.

260.    That as a result of the July 10, 2004 accident, plaintiff Amtrak suffered property damage, including but not limited to permanent loss of use of a second similar Terex crane.

261.    That as a result of defendant Terex Crane, Inc.'s breach of contract, defendant Terex Crane, Inc. will be liable to the plaintiff Amtrak for property damage and/or loss arising out of the July 10, 2004 accident.

262.    That plaintiff has sustained damages, for loss of use of these two cranes, estimated in the sum of over EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS.

### AS AND FOR A TWENTY-SIXTH CAUSE OF ACTION

263.    Plaintiff Amtrak repeats and realleges the allegations set forth in paragraphs "1" through "262" as if more fully set forth at length herein.

264.    That plaintiff Amtrak's property damage and/or loss were caused by the active, affirmative and primary negligence of the defendant Terex Crane, Inc. in the design, manufacture, distribution and/or sale of the aforementioned Terex cranes equipped with high rail gear without any active participation therein by plaintiff Amtrak contributing thereto.

265.    That by reason of the foregoing, defendant Terex Crane, Inc. will be liable to the plaintiff Amtrak for property damage and/or loss arising out of defendant Terex Crane, Inc.'s failure to provide Amtrak with safe equipment.

266.    That plaintiff has sustained damages, for loss of use of these two cranes, estimated in the sum of over EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS.

### AS AND FOR A TWENTY-SEVENTH CAUSE OF ACTION

267.    Plaintiff Amtrak repeats and realleges the allegations set forth in paragraphs "1" through "266" as if more fully set forth at length herein.

268.    Defendant Terex Cranes, Inc. knew that the aforementioned Terex cranes were to be resold and/or used by the general public and/or Amtrak and/or used on interstate rails and the defendant Terex Cranes, Inc. knew the use for which the aforementioned Terex cranes were intended.

269.    Defendant Terex Cranes, Inc. knew that defendant Mitchell intended to place high rail gear on the aforementioned Terex cranes, and that they were to be resold and/or used by the general public and/or Amtrak and/or used on interstate rails and the defendant Terex Cranes, Inc. knew the use for which the aforementioned Terex cranes equipped with high rail gear were intended.

270.    Defendant Terex Cranes, Inc. knew that defendant Johnson intended to place high rail gear on the aforementioned Terex cranes, and that they were to be resold and/or used by the general public and/or Amtrak and/or used on interstate rails and the  defendant Terex Cranes, Inc. knew the use for which the aforementioned Terex cranes equipped with high rail gear were intended.

271.    Defendant Terex Cranes, Inc. knew that defendant TRI intended to place high rail gear on the aforementioned Terex cranes, and that they were to be resold and/or used by the general public and/or Amtrak and/or used on interstate rails and the defendant Terex Cranes, Inc. knew the use for which the aforementioned Terex cranes equipped with high rail gear were intended.

272.    That in the sale of aforementioned Terex cranes to plaintiff Amtrak and/or for other sale to plaintiff Amtrak, the defendant Terex Cranes, Inc. represented and warranted that

the aforementioned Terex cranes were of merchantable quality and were suitable and fit for its particular purpose.

273.    That the aforementioned Terex cranes were in such defective condition when sold, distributed and/or delivered by defendant Terex Cranes, Inc. to defendant Mitchell.

274.    That the aforementioned Terex cranes were in such defective condition when sold, distributed and/or delivered by defendant Terex Cranes, Inc. to defendant Johnson.

275.    That the aforementioned Terex cranes were in such defective condition when sold, distributed and/or delivered by defendant Terex Cranes, Inc. to defendant TRI.

276.    That the aforementioned Terex cranes were in such defective condition when sold, distributed and/or delivered by defendant Terex Cranes, Inc. to plaintiff Amtrak, which had no knowledge of such defect.

277.    That the aforementioned Terex cranes were in such defective condition when sold, distributed and/or delivered by defendant Johnson to plaintiff Amtrak, which had no knowledge of such defect.

278.    That the aforementioned Terex cranes were in such defective condition when sold, distributed and/or delivered by defendant TRI to plaintiff Amtrak, which had no knowledge of such defect.

279.    That defendant Terex Corporation breached its warranties of merchantability and fitness for the aforementioned Terex cranes equipped with high rail gear for the use intended.

280.    That plaintiff has sustained damages, for loss of use of these two cranes, estimated in the sum of over EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS.

### AS AND FOR A TWENTY-EIGHTH CAUSE OF ACTION

281.    Plaintiff Amtrak repeats and realleges the allegations set forth in paragraphs "1" through "280" as if more fully set forth at length herein.

282.    That prior to July 10, 2004, defendant Terex Cranes, Inc. had reason to know that there were dangers associated with the use of the aforementioned Terex cranes.

283.    That prior to July 10, 2004, defendant Terex Cranes, Inc. had no reason to believe that purchasers of the Terex cranes, including plaintiff Amtrak, would be aware of the dangerous conditions.

284.    That prior to July 10, 2004, defendant Terex Cranes, Inc. had a duty to warn the purchasers of the Terex cranes, including plaintiff Amtrak, of the dangers associated with the use of the Terex cranes, including the subject Terex cranes.

285.    That prior to July 10, 2004, defendant Terex Cranes, Inc. did not warn the purchasers of the Terex cranes, including plaintiff Amtrak, of a defect with the Terex cranes, including the subject Terex cranes.

286.    That prior to July 10, 2004, defendant Terex Cranes, Inc. failed to exercise reasonable care to warn users of the conditions or facts that made the Terex cranes, including the subject Terex cranes, likely to be dangerous.

287.    That to the extent that defendant Terex Cranes, Inc. issued a warning with respect to the Terex cranes, including the subject Terex cranes, the warning was inadequate.

288.    That defendant Terex Cranes, Inc.'s failure to warn was the proximate cause of plaintiff's property damage and/or loss.

289.    That plaintiff has sustained damages, for loss of use of these two cranes, estimated in the sum of over EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS.

WHEREFORE, plaintiff Amtrak demands judgment on the first cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the second cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the third cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the fourth cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the fifth cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the sixth cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the seventh cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the eighth cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the ninth cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the tenth cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the eleventh cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the twelfth cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the thirteenth cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the fourteenth cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS;

plaintiff Amtrak demands judgment on the fifteenth cause of action in the amount of EIGHT

HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the

sixteenth cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00)

DOLLARS; plaintiff Amtrak demands judgment on the seventeenth cause of action in the

amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak

demands judgment on the eighteenth cause of action in the amount of EIGHT HUNDRED

THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the nineteenth

cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS;

plaintiff Amtrak demands judgment on the twentieth cause of action in the amount of EIGHT

HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the

twenty-first cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00)

DOLLARS; plaintiff Amtrak demands judgment on the twenty-second cause of action in the

amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak

demands judgment on the twenty-third cause of action in the amount of EIGHT HUNDRED

THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the twenty-

fourth cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00);

plaintiff Amtrak demands judgment on the twenty-fifth cause of action in the amount of EIGHT

HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak demands judgment on the

twenty-sixth cause of action in the amount of EIGHT HUNDRED THOUSAND ($800,000.00)

DOLLARS; plaintiff Amtrak demands judgment on the twenty-seventh cause of action in the

amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS; plaintiff Amtrak

demands judgment on the twenty-eighth cause of action in the amount of EIGHT HUNDRED

THOUSAND ($800,000.00) DOLLARS; and plaintiff demands costs, disbursements, and pre-

judgment and post judgment interest on all causes of action.

Dated: New York, New York
       July 9, 2007

                                        LANDMAN CORSI BALLAINE & FORD P.C.


                           By:_____
                                   Ronald E. Joseph (RJ 9302)
                                   Sophia Ree (SR 3820)
                                   Attorneys for Plaintiff
                                   120 Broadway, 27th Floor
                                   New York, New York 10271
                                   (212) 238-4800

Index No.                                                          Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL RAILROAD PASSENGER CORP.,

Plaintiff,

v.

T.C. JOHNSON COMPANY, TRANSPORTATION RESOURCES, INC., MITCHELL
EQUIPMENT CORPORATION, TEREX CORPORATION, KOEHRING CRANES, INC.,
d/b/a TEREX CRANES WAVERLY, AND TEREX CRANES, INC.,

Defendants.

SUMMONS AND COMPLAINT

Signature (Rule 130-1.1-a)

Print name beneath

LANDMAN CORSI BALLAINE & FORD P.C.

*Attorneys for* Plaintiff
*Office and Post Office Address, Telephone*
120 Broadway
NEW YORK, N.Y. 10271-0079
(212) 238-4800
FAX: (212) 238-4848

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

=== NOTICE OF ENTRY ===

PLEASE take notice that the within is a (*certified*)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.

LANDMAN CORSI BALLAINE & FORD P.C.

*Attorneys for*
*Office and Post Office Address*
120 Broadway
NEW YORK, N.Y. 10271-0079

To

Attorney(s) for

=== NOTICE OF SETTLEMENT ===

PLEASE take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at

on
at                    M.

Dated,

Yours, etc.

LANDMAN CORSI BALLAINE & FORD P.C.

*Attorneys for*
*Office and Post Office Address*
120 Broadway
NEW YORK, N.Y. 10271-0079

To

Attorney(s) for

1500 — **Blumberg**Excelsior, Inc., NYC 10013