# GALLAGHER, WALKER, BIANCO & PLASTARAS

ATTORNEYS AT LAW
98 WILLIS AVENUE
MINEOLA, NEW YORK 11501

Telephone (516) 248-2002 • Facsimile (516) 248-2394

GERARD M. GALLAGHER
ROBERT J. WALKER
DOMINIC P. BIANCO
THOMAS E. PLASTARAS
WILLIAM P. NOLAN

JOHN J. KRAMER
MICHAEL P. BIANCANELLO
ETHAN D. IRWIN
KEVIN T. McGRATH

August 16, 2007

LANDMAN CORSI BALLAINE & FORD P.C.
120 Broadway, 27th Floor
New York, New York 10271

Re: National Railroad v. TC Johnson, et al
Our File: 86-30785

Dear Counsel:

Enclosed herewith for service upon you please find a VERIFIED ANSWER dated August 16, 2007 regarding the above captioned matter.

If you should have any questions and/or comments, please do not hesitate to contact the undersigned.

Very truly yours,

GALLAGHER, WALKER, BIANCO
& PLASTARAS, ESQS.

By _____
ROBERT J. WALKER

RJW/ag
Enclosures

cc: T.C. JOHNSON COMPANY
P.O. Box 299
521 E. Washington Street
Chagrin Falls, OH 44202

T.C. JOHNSON COMPANY
P.O. Box 808
251 W. Garfield Road, Suite #155
Aurora, OH 44202

SEDGWICK, DETERT, MORAN & ARNOLD, LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
150 East 42nd Street
New York, New York 10017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NATIONAL RAILROAD PASSENGER CORP.,                    **Index #: 07civ6288**

                Plaintiff,

          -against-                                                          **VERIFIED ANSWER**

T.C. JOHNSON COMPANY, TRANSPORTATION                  **JURY TRIAL DEMANDED**
RESOURCES INC., MITCHELL EQUIPMENT CORPORATION,
TEREX CORPORATION, KOEHRING CRANES, INC. d/b/a TEREX
CRANES WAVERLY, and TEREX CRANES, INC.,

                Defendant.
------------------------------------------------------------------------X

The defendant, **TEREX CORPORATION, TEREX CRANES, INC. and KOEHRING CRANES, INC. d/b/a TEREX CRANES-WAVERLY OPERATIONS** s/h/a **TEREX CORPORATION, KOEHRING CRANES, INC. d/b/a TEREX CRANES WAVERLY and TEREX CRANES, INC.**, by their attorneys, GALLAGHER, WALKER, BIANCO & PLASTARAS, ESQS., answering the Complaint of the plaintiff herein:

### ANSWERING EACH AND EVERY CAUSE OF ACTION OF THE COMPLAINT

    **FIRST:** Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "1", "2", "3", '4", "5", "6", "7", "8", "9", "12", "13", "14", "15", "16", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "34", "37", "41", "42", "44", "47", "48", "49", "52", "53", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "74", "76", "77", "80", "81", "83", "84", "85", "87", "88", "89", "90", "92", "93", "94", "95", "96", "98", "99", "100", "102", "103", "105", "106", "108", "109", "110", "111", "112", "113", "114", "115", "117", "118", "119", "120", "121", "122", "123", "124", "125", "126", "127", "128", "129", "130", "131", "132", "133", "135", "136", "137", "139",

"140", "142", "144", "145", "146", "148", "149", "150", "152", "153", "154", "155", "222", "223", "224", "225", "247" of the Complaint.

      **SECOND**:    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "10" of the Complaint except to admit that Terex Corporation, Koehring and Terex Cranes, Inc. are foreign corporations .

      **THIRD**:    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "11" of the Complaint except to admit that Defendant Terex Corporation is located in Westport, Connecticut. Defendant Koehring is located in Waverly, Iowa. Defendant Terex Cranes, Inc. is located in Waverly, Iowa.

      **FOURTH**:    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "17", "161", "162", "179", "180", "181", "182", "190", "191", "192", "200", "201", "204", "205", "226", "234", "235", "236", "243", "244", "245", "246", "250", "251", "268", "269", "270", "271", "272", "282", "283", "284" of the Complaint and refers all questions of law to the trial court.

      **FIFTH**:    Denies each and every allegation contained in paragraphs numbered "18", "19", "159", "160", "164", "165", "166", "167", "168", "169", "170", "171", "172", "173", "175", "176", "177", "183", "184", "185", "186", "187", "188", "193", "194", "195", "196", "197", "202", "203", "207", "208", "209", "210", "211", "212", "213", "214", "215", "216", "218", "219", "220", "227", "228", "229", "230", "231", "232", "237", "238", "239", "240", "241", "248", "249", "253", "254", "255", "256", "257", "258", "259", "260", "261", "262", "264", "265", "266", "273", "274", "275", "276", "277", "278", "279", "280", "285", "286", "287", "288", "289" of the Complaint.

**SIXTH**: Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "20", "36", "40", "46", "55", "71", "72", "73", "75", "82", "91", "97", "101", "107", "116", "134", "138", "147", "156", "174", "178", "189", "198", "217", "221", "233", "242", "263", "267", "281" of the Complaint with the same force and effect as if here repeated and again set forth at length.

**SEVENTH**: Denies each and every allegation contained in paragraph numbered "32", "33", "35", "38", "39", "43", "45", "50", "51", "54", "78", "79", "86", "104", "141", "143", "151" of the Complaint insofar as the same are alleged as to this answering defendant.

**EIGHTH**: Admits the allegations contained in paragraphs numbered "157", "158", "163", "199", "206", "252" of the Complaint.

**FOR A FIRST SEPARATE AND COMPLETE DEFENSE<br>THE DEFENDANT RESPECTFULLY SHOWS<br>THIS COURT, UPON INFORMATION AND BELIEF:**

**NINTH**: That this action was not commenced within the applicable time limits, therefore, the Statute of Limitations constitutes a complete defense to the plaintiff's action.

**FOR A SECOND SEPARATE AND COMPLETE DEFENSE<br>THE DEFENDANT RESPECTFULLY SHOWS<br>THIS COURT, UPON INFORMATION AND BELIEF:**

**TENTH**: That this action was not commenced within the applicable time limits provided by the UCC, therefore, the Statute of Limitations constitutes a complete defense to the plaintiff's action.

**FOR A THIRD SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS
<u>THIS COURT, UPON INFORMATION AND BELIEF:</u>**

**ELEVENTH:** That any injuries or damages sustained by the plaintiff were occasioned through the negligence and culpable conduct on the part of the plaintiff.

**FOR A FOURTH SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS
<u>THIS COURT, UPON INFORMATION AND BELIEF:</u>**

**TWELFTH:** The action, in whole or in part, is barred by assumption of risk.

**FOR A FIFTH SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS
<u>THIS COURT, UPON INFORMATION AND BELIEF:</u>**

**THIRTEENTH:** That the plaintiff's misuse of the product constitutes a defense of this action.

**FOR A SIXTH SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS
<u>THIS COURT, UPON INFORMATION AND BELIEF:</u>**

**FOURTEENTH:** That all or part of the action is barred by the Doctrine of Collateral Estoppel or <u>Res Judicata.</u>

**FOR A SEVENTH SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS
<u>THIS COURT, UPON INFORMATION AND BELIEF:</u>**

**FIFTEENTH:** The action, in whole or in part, is barred by laches.

**FOR A EIGHTH SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS
<u>THIS COURT, UPON INFORMATION AND BELIEF:</u>**

**SIXTEENTH:** The action, in whole or in part, is barred by waiver or estoppel.

**FOR A NINTH SEPARATE AND COMPLETE DEFENSE**
**THE DEFENDANT RESPECTFULLY SHOWS**
<u>**THIS COURT, UPON INFORMATION AND BELIEF:**</u>

**SEVENTEENTH**:   The instant action should be dismissed due to another action pending between the parties involving the same transaction or occurrence.

**FOR A TENTH SEPARATE AND COMPLETE DEFENSE**
**THE DEFENDANT RESPECTFULLY SHOWS**
<u>**THIS COURT, UPON INFORMATION AND BELIEF:**</u>

**EIGHTEENTH**:   That the party making claims failed to mitigate damages.

**FOR A ELEVENTH SEPARATE AND COMPLETE DEFENSE**
**THE DEFENDANT RESPECTFULLY SHOWS**
<u>**THIS COURT, UPON INFORMATION AND BELIEF:**</u>

**NINETEENTH**:   That this cause of action involves the sale of goods with excess of $500.00 and there exists no writing indicating a contract for sale has been made between the parties and signed by the party against whom enforcement is sought as required by the Statute of Frauds Section 2-201 of the Uniform Commercial Code.

**FOR A TWELFTH SEPARATE AND COMPLETE DEFENSE**
**THE DEFENDANT RESPECTFULLY SHOWS**
<u>**THIS COURT, UPON INFORMATION AND BELIEF:**</u>

**TWENTIETH**:   That the answering defendant, if found to be at all liable, is entitled to a limitation of that liability pursuant to Article 16 of the CPLR.

**FOR A THIRTEENTH SEPARATE AND COMPLETE DEFENSE**
**THE DEFENDANT RESPECTFULLY SHOWS**
<u>**THIS COURT, UPON INFORMATION AND BELIEF:**</u>

**TWENTY-FIRST**:   Plaintiff failed to give timely notice of the alleged breach of warranty as required by the UCC, specifically including UCC Section 2-607(3) and the claim is therefore barred.

**FOR A FOURTEENTH SEPARATE AND COMPLETE DEFENSE**
**THE DEFENDANT RESPECTFULLY SHOWS**
**THIS COURT, UPON INFORMATION AND BELIEF:**

**TWENTY-SECOND:** Plaintiff's claim alleges a breach of contract as to responding defendants and, therefore, may not be asserted as a tort.

**FOR A FIFTEENTH SEPARATE AND COMPLETE DEFENSE**
**THE DEFENDANT RESPECTFULLY SHOWS**
**THIS COURT, UPON INFORMATION AND BELIEF:**

**TWENTY-THIRD:** Plaintiff's claim is barred as it seeks recovery solely for economic loss resulting from the product's alleged failure.

**FOR A SIXTEENTH SEPARATE AND COMPLETE DEFENSE**
**THE DEFENDANT RESPECTFULLY SHOWS**
**THIS COURT, UPON INFORMATION AND BELIEF:**

**TWENTY-FOURTH:** Plaintiff is barred from recovering economic loss including damage to the product itself and consequential damages.

**FOR A SEVENTEENTH SEPARATE AND COMPLETE DEFENSE**
**THE DEFENDANT RESPECTFULLY SHOWS**
**THIS COURT, UPON INFORMATION AND BELIEF:**

**TWENTY-FIFTH:** The product in question was modified after it left the possession of the manufacturer.

**FOR AN EIGHTEENTH SEPARATE AND COMPLETE DEFENSE**
**THE DEFENDANT RESPECTFULLY SHOWS**
**THIS COURT, UPON INFORMATION AND BELIEF:**

**TWENTY-SIXTH:** The plaintiff is not in privity with the responding defendants.

**FOR A NINETEENTH SEPARATE AND COMPLETE DEFENSE**
**THE DEFENDANT RESPECTFULLY SHOWS**
**THIS COURT, UPON INFORMATION AND BELIEF:**

**TWENTY-SEVENTH:** All warranty liability asserted by the plaintiff was disclaimed by the responding defendants pursuant to the UCC.

**FOR A TWENTIETH SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS
THIS COURT, UPON INFORMATION AND BELIEF:**

**TWENTY-EIGHTH**:	The warranty claims asserted by the plaintiff were limited pursuant to the UCC by the responding defendants.

**FOR A TWENTY-FIRST SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS
THIS COURT, UPON INFORMATION AND BELIEF:**

**TWENTY-NINTH**:  The plaintiff's claims are barred by reason of the limitations and exclusions on damages, including consequential damages pursuant to the UCC.

**FOR A TWENTY-SECOND SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS
THIS COURT, UPON INFORMATION AND BELIEF:**

**THIRTIETH**:	The plaintiff's claims based upon express and implied warranties are barred by reason of modifications and disclaimers pursuant to the UCC.

**FOR A TWENTY-THIRD SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS
THIS COURT, UPON INFORMATION AND BELIEF:**

**THIRTY-FIRST**:	The plaintiff's claims are preempted by federal legislation and regulation.

**AS A BASIS FOR AFFIRMATIVE RELIEF AND AS FOR A CROSS-COMPLAINT AGAINST CO-DEFENDANT(S), T.C. JOHNSON COMPANY, TRANSPORTATION RESOURCES INC. and MITCHELL EQUIPMENT CORPORATION, THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:**

That if judgment is rendered against this defendant, the defendant will be damaged thereby and demands that such judgment be apportioned in accordance with the respective degrees of fault of those culpable, and further demands that this defendant be granted

indemnification in accordance with any applicable contracts, agreements or warranties, express or implied, or by reason of the active, and primary negligence of the other defendants herein.

**WHEREFORE**, the answering defendant, **TEREX CORPORATION, TEREX CRANES, INC. and KOEHRING CRANES, INC. d/b/a TEREX CRANES-WAVERLY OPERATIONS s/h/a TEREX CORPORATION, KOEHRING CRANES, INC. d/b/a TEREX CRANES WAVERLY and TEREX CRANES, INC.**, demands judgment dismissing the Complaint herein as to the answering defendant with costs, and further demands that the ultimate rights of the answering defendant and the co-defendant(s), **T.C. JOHNSON COMPANY, TRANSPORTATION RESOURCES INC. and MITCHELL EQUIPMENT CORPORATION**, as between themselves be determined in this action, and that the answering defendant have judgment over and against the co-defendant(s), **T.C. JOHNSON COMPANY, TRANSPORTATION RESOURCES INC. and MITCHELL EQUIPMENT CORPORATION**, for all or a part of any verdict or judgment which may be obtained herein by the plaintiff against the answering defendant, together with costs and disbursements of this action.

Dated: Mineola, New York
August 16, 2007

GALLAGHER, WALKER, BIANCO
& PLASTARAS, ESQS.

By [signature]
ROBERT J. WALKER (RW5403)
Attorneys for Defendants
TEREX CORPORATION, TEREX CRANES, INC.
and KOEHRING CRANES, INC. d/b/a TEREX
CRANES-WAVERLY OPERATIONS s/h/a TEREX
CORPORATION, KOEHRING CRANES, INC. d/b/a
TEREX CRANES WAVERLY and TEREX
CRANES, INC.
98 Willis Avenue
Mineola, New York 11501
(516) 248-2002

TO:     LANDMAN CORSI BALLAINE & FORD P.C.
Attorney for Plaintiff
120 Broadway, 27th Floor
New York, New York 10271
(212) 238-4800

T.C. JOHNSON COMPANY
P.O. Box 299
521 E. Washington Street
Chagrin Falls, OH 44202

T.C. JOHNSON COMPANY
P.O. Box 808
251 W. Garfield Road, Suite #155
Aurora, OH 44202

SEDGWICK, DETERT, MORAN & ARNOLD, LLP
Attorneys for Defendant
TRANSPORTATION RESOURCES, INC.
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 422-0202

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
Attorneys for Defendant
MITCHELL EQUIPMENT CORPORATION
150 East 42nd Street
New York, New York 10017
(212) 490-3000

STATE OF NEW YORK)
COUNTY OF NASSAU ) ss.:

      ROBERT J. WALKER, being duly sworn deposes and says;

      I am a duly registered and practicing Attorney-at-Law; that I am one of the attorneys for the defendants, TEREX CORPORATION, TEREX CRANES, INC. and KOEHRING CRANES, INC. d/b/a TEREX CRANES-WAVERLY OPERATIONS s/h/a TEREX CORPORATION, KOEHRING CRANES, INC. d/b/a TEREX CRANES WAVERLY and TEREX CRANES, INC., herein and that I have read the foregoing **VERIFIED ANSWER** and know the contents thereof and that the same is true to my own knowledge, except as to those statements therein alleged to be upon information and belief and as to those statements, I believe it to be true.

      The source of my knowledge is the contents of a file maintained in my office, which contains various reports of investigations, statements, interviews, copies of official documents, etc.

      The reason this verification is not made by the defendants, TEREX CORPORATION, TEREX CRANES, INC. and KOEHRING CRANES, INC. d/b/a TEREX CRANES-WAVERLY OPERATIONS s/h/a TEREX CORPORATION, KOEHRING CRANES, INC. d/b/a TEREX CRANES WAVERLY and TEREX CRANES, INC., is due to the fact that said defendants, TEREX CORPORATION, TEREX CRANES, INC. and KOEHRING CRANES, INC. d/b/a TEREX CRANES-WAVERLY OPERATIONS s/h/a TEREX CORPORATION, KOEHRING CRANES, INC. d/b/a TEREX CRANES WAVERLY and TEREX CRANES, INC., does not maintain it's principal place of business in the same county wherein I maintain my professional office; to wit: County of Nassau.

                                                               ROBERT J. WALKER

Sworn to before me this
16th day of August, 2007

    Notary Public

HELEN A. SMITH
Notary Public, State of New York
No. 01SM5038834
Qualified in Nassau County
Commission Expires Feb. 6, 20__

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK)
COUNTY OF NASSAU) ss.:

      I, **ANITA GRIESSER**, being sworn, say: I am not a party to the action, am over 18 years of age and reside at Bethpage, New York.

      On August 16, 2007, I served the within **VERIFIED ANSWER** dated August 16, 2007 by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

**LANDMAN CORSI BALLAINE & FORD P.C.**
120 Broadway, 27th Floor
New York, New York 10271

**T.C. JOHNSON COMPANY**
P.O. Box 299
521 E. Washington Street
Chagrin Falls, OH 44202

**T.C. JOHNSON COMPANY**
P.O. Box 808
251 W. Garfield Road, Suite #155
Aurora, OH 44202

**SEDGWICK, DETERT, MORAN & ARNOLD, LLP**
125 Broad Street, 39th Floor
New York, New York 10004-2400

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
150 East 42nd Street
New York, New York 10017

                                    _____
                                            ANITA GRIESSER

Sworn to before me this
16th day of August, 2007

_____
Notary Public

HELEN A. SMITH
Notary Public, State of New York
No. 01SM5038834
Qualified in Nassau County
Commission Expires Feb. 6, 20__

Index No. _____ year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 6288

NATIONAL RAILROAD PASSENGER CORP.,

Plaintiff,

-against-

T.C. JOHNSON COMPANY, TRANSPORTATION RESOURCES, INC., MITCHELL EQUIPMENT CORPORATION, TEREX CORPORATION, KOEHRING CRANES, INC. d/b/a TEREX CRANES WAVERLY and TEREX CRANES, INC.,

Defendants.

---

VERIFIED ANSWER dated August 16, 2007

---

**GALLAGHER, WALKER, BIANCO & PLASTARAS**

*Attorneys for*

98 WILLIS AVENUE
MINEOLA, NEW YORK 11501
(516) 248-2002
(516) 248-2394 (FAX)

To

*Attorney(s) for*

---

Service of a copy of the within

Dated, _____

is hereby admitted.

*Attorney(s) for*

---

PLEASE TAKE NOTICE

☐ that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on

☐ that an Order of which the within is a true copy will be presented for settlement to the Honorable one of the judges of the within named Court, at on , at

Dated: _____

**GALLAGHER, WALKER, BIANCO & PLASTARAS**

*Attorneys for*

98 WILLIS AVENUE
MINEOLA, NEW YORK 11501
(516) 248-2002

---

Dated: _____

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

_____
*Print signer's name*

**GALLAGHER, WALKER, BIANCO & PLASTARAS**

*Attorneys for*

98 WILLIS AVENUE
MINEOLA, NEW YORK 11501
(516) 248-2002

To

*Attorney(s) for*